### AFFILIATED HOSPITALS OF SAN FRANCISCO, a Non-Profit Corporation, Plaintiff-Appellee,

v.

### James F. SCEARCE, Individually and as an Officer and Agent of the Federal Mediation and Conciliation Service, etc., et al., Defendants-Appellants.

### AFFILIATED HOSPITALS OF SAN FRANCISCO, a Non-Profit Corporation, Plaintiff-Appellee,

and

### Associated Hospitals of San Francisco and the East Bay, a Non-Profit Corporation, Plaintiff and Intervention,

v.

### James F. SCEARCE, Individually and as an Officer and Agent of the Federal Mediation and Conciliation Service, et al., Defendants-Appellants.

Nos. 76–3607, 77–1933.

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1978.

---

Judith S. Feigin (argued), of Dept. of Justice, Washington, D. C., for defendants-appellants.

Maureen E. McClain (argued), of Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for plaintiff-appellee.

* The Honorable William T. Beeks, Senior United States District Judge for the Western District of Washington, sitting by designation.

1. The Director of the FMCS appeals from a preliminary injunction issued on September 7, 1976 and from a judgment entered thereafter on February 8, 1977 by Judge Schwarzer. These appeals were consolidated by order dated May 23, 1977.

Before CHOY and KENNEDY, Circuit Judges, and BEEKS,* District Judge.

PER CURIAM:

In this consolidated appeal [1] this court is asked to interpret Section 213(a) [2] of the Labor Management Relations Act of 1947, as amended, which specifies when the Director of the Federal Mediation and Conciliation Service (FMCS) is authorized to appoint a board of inquiry to resolve a collective bargaining dispute between a non-profit hospital and a union representing its employees. The pertinent facts are stated in the district court's Findings of Fact, Conclusions of Law and Order Granting Injunction reported in 418 F.Supp. 711 (N.D.Cal. 1976). The district court found that the Director's action was unauthorized because he failed to appoint the boards of inquiry within 30 days of notification to the FMCS that a labor dispute existed. We agree.

In 1974 the coverage of the Labor Management Relations Act was extended to employers and employees of non-profit hospitals. When a party desires to terminate or modify its collective bargaining contract 29 U.S.C. § 158(d) requires that it: First, serve upon the other party a notice of termination or expiration of the labor contract 90 days prior to such modification or termination, 29 U.S.C. § 158(d)(A); next, offer to meet and confer with the other party for the purpose of negotiating a new contract or a contract containing the proposed modification; thirdly, notify the FMCS of the existence of a dispute 60 days before termination, id. [3]; and lastly, without resorting to strike or lockout, continue in full force and effect all the terms and conditions of the existing contract for a period of 90 days after such notice is given or until the expi-

2. 29 U.S.C. § 183(a).

3. Read literally this provision would require that notice of the existence of a dispute be given to the FMCS 60 days after the 90 day notice is given, i. e. 30 days before termination. It appears that this is a drafting error by Congress, *Sinai Hospital of Baltimore, Inc. v. Scearce,* 561 F.2d 547, 549 (4th Cir. 1977), and both parties so agree.

ration date of such contract, whichever occurs later. *Id.*

When notice of the existence of a labor dispute is given to the FMCS "the Service shall promptly communicate with the parties and use its best efforts, by mediation and conciliation, to bring them to agreement." 29 U.S.C. § 158(d)(C). Section 213 of the Labor Management Relations Act, as amended, states that when the Director finds that:

> a threatened or actual strike or lockout affecting a health care institution will . . . substantially interrupt the delivery of health care . . . the Director may further assist in the resolution of the impasse by establishing within 30 days after the notice to the Federal Mediation and Conciliation Service under clause (A) of the last sentence of section 158(d) of this title (which is required by clause (3) of such section 158(d) of this title) . . . an impartial Board of Inquiry to investigate the issues involved in the dispute and to make a written report thereon to the parties within fifteen (15) days after the establishment of such a Board. . . . 29 U.S.C. § 183(a).

Once a board is established the status quo must be maintained "for 15 days after any such board has issued its report . . . ." 29 U.S.C. § 183(c).

In this case Local 39 notified the appellees of its intention to renegotiate its contract approximately 111 days before the contract was due to expire instead of 90 days as specified by the statute. The union notified the FMCS that a labor dispute existed approximately 94 days prior to expiration, and the boards of inquiry were appointed approximately 64 days after the FMCS had received notice. The present dispute involves the timing of the notices served by Local 39.

On appeal [4] the FMCS contends, as it did below, that the Director is authorized to

appoint a board of inquiry within 30 days of the last possible day by which notice of a dispute is to be filed with the FMCS. Under the statute a party seeking renegotiation of a labor contract must notify the FMCS 60 days before termination. Since the Director must appoint a board within 30 days thereafter, appellants argue that he is authorized to appoint a board any time between 60 and 30 days preceding contract termination. Appellees, however, contend that the provision means exactly what it says: the Director must appoint a board within 30 days after notice of a dispute is filed.

We think that the Honorable William W Schwarzer most excellently divined the meaning and purpose of section 213(a), 29 U.S.C. § 183(a). We decline appellants' invitation to rewrite the provision and affirm.

---

4.  The issue of mootness arises because the hospitals and Local 39 have resolved their labor dispute. Both parties agree, however, and we find that the case is not rendered moot because

it is an issue capable of repetition yet evading review. *Sinai Hospital of Baltimore, Inc. v. Scearce,* 561 F.2d 547, 551–52 (4th Cir. 1977).